PRIVILEGED AND CONFIDENTIAL MEDIATION COMMUNICATION

## MOU RE SETTLEMENT TERMS
*Rodriguez and Khoshabow v. Cricket Wireless, LLC et al*,
Index No. 20-cv-01596

1. The instant Memorandum of Understanding ("**MOU**") is a settlement agreement by and between Miguel Rodriguez and Simon Khoshabow ("**Plaintiffs**") and Plaintiff's undersigned counsel of record, on the one hand, and Cricket Wireless, LLC ("Cricket"), Wireless BBS, Inc. ("Wireless BBS"), CellPro, Inc. ("CellPro"), Mayer Vaknin ("Vaknin"), and Kimberly Velez ("Velez") (collectively, "Defendants") and all Released Parties (defined below in Paragraph 3) on the other hand. Except as expressly provided below, the MOU applies collectively to the individual claims against the Released Parties in *Rodriguez and Khoshabow v. Cricket Wireless, LLC et al*, United States District Court, Eastern District of New York Index No. 20-cv-01596 ("Complaint").

2. A more robust settlement agreement will be drafted with the MOU terms and executed by the parties.

3. The Maximum Settlement Amount ("**MSA**"), for the Complaint, is $30,000, which shall be exclusively paid by Mayer Vaknin, Kim Velez and/or Wireless BBS, which includes all payments to Plaintiffs, and attorneys for Plaintiffs. As described further in Paragraph 7 below, the MSA will be paid in 10 installments.

4. The "**Released Parties**" include Cricket, Wireless BBS, CellPro, Vaknin, and Velez and its past, present and future divisions, affiliates, predecessors, successors, assigns, shareholders, owners, officers, directors, employees, agents, trustees, attorneys, representatives, administrators, fiduciaries, beneficiaries, subrogees, executors, partners, parents, subsidiaries, and privies.

5. "**Released Claims**" include: any and all wage-related claims, under any federal, State or local laws, that accrue during their employment relating back to the full extent of the federal, state or local statute of limitations and continuing through the date of the Court's approval of the settlement agreement, including, without limitations, any and all federal, state or local claims for unpaid wages, remuneration, notice and recordkeeping claims, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

6. Subject to Court approval, a maximum of 33.33% of the MSA ($9,999) shall be paid to Plaintiffs' counsel as attorneys' fees, in addition to up to $1,040 in costs. The attorneys' fees and costs payment shall also be paid out of the MSA.

7. The MSA shall be paid by Mayer Vaknin, Kim Valez and/or Wireless BBS in 10 installments. The first installment shall be due thirty days following the Court's approval of the Settlement Agreement. The first installment shall be in the total gross amount of $3,000.00. The second installment shall be due sixty days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00. The third installment shall be due ninety days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00. The fourth installment shall be due one hundred and twenty days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00. The fifth installment shall be due one hundred and fifty days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00. The sixth installment

PRIVILEGED AND CONFIDENTIAL MEDIATION COMMUNICATION

shall be due one hundred and eighty days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00. The seventh installment shall be due two hundred and ten days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00. The eighth installment shall be due two hundred and forty days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00. The ninth installment shall be due two hundred and seventy days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00. The tenth and final installment shall be due three hundred days following the Court's approval of the Settlement Agreement and shall be in the total gross amount of $3,000.00.

8. If there is a default in making the payments herein, Plaintiffs or their counsel, will give Vaknin, Velez and/or Wireless BBS written notice of said default, by sending a notice of default by email to Defendants' attorneys Lee Nigen, Esq. at esqlmn@aol.com. Vaknin, Velez and/or Wireless BBS will have (10) business days from receipt of such notice to cure the default. If Vaknin, Velez and/or Wireless BBS do not cure the default within ten (10) days of the notice, Plaintiffs and their Counsel shall have the right to a judgment or supplemental judgment against Vaknin, Velez and/or Wireless BBS individually and/or jointly in the amount of Sixty Thousand Dollars ($60,000) less any monies paid by Wireless BBS and/or Vaknin in furtherance of this settlement at the time of default.

9. Vaknin, Velez and/or Wireless BBS shall be solely responsible for resolving claims asserted by creditors/customers of Vaknin, Velez and/or Wireless BBS who allege that they were fraudulently sold phones and who allege that the purchased phones were never delivered. Vaknin, Velez and/or Wireless BBS will provide a list of such creditors/customers who have previously asserted claims and will pay up to $10,000.00 to resolve these creditors/customers' claims.

10. Vaknin, Velez and/or Wireless BBS shall fully cooperate in dropping any criminal charges brought against Plaintiffs.

11. The MOU shall remain binding and enforceable until and unless the Court denies approval of the settlement with prejudice. The parties will cooperate with each other to obtain approval of this settlement.

12. Neither Plaintiffs, Plaintiffs' counsel, Defendants, or Defendants' counsel, shall engage in any publicity, including website or social media postings, of any type related to this lawsuit, settlement or litigation against Defendants.

**SO AGREED**

PRIVILEGED AND CONFIDENTIAL MEDIATION COMMUNICATION

Dated: June __, 2020

_____

Lina Stillman, Esq.

STILLMAN LEGAL, P.C.

Attorneys for Plaintiffs Miguel Rodriguez and Simon Khoshabow

Dated: June __, 2020

_____

Plaintiff MIGUEL RODRIQUEZ

Dated: June __, 2020

_____

Plaintiff SIMON KHOSHABOW

Dated: June __, 2020

_____

Lee M. Nigen, Esq.

LAW OFFICES OF LEE M. NIGEN

Attorney for Defendants Wireless BBS, Inc., CellPro, Inc., Mayer Vaknin, and Kimberly Velez

Dated: June ___, 2020

_____

Eli Z. Freedberg

LITTLER MENDELSON

Attorney for Defendant Cricket Wireless

3

PRIVILEGED AND CONFIDENTIAL MEDIATION COMMUNICATION

Dated: June __, 2020                                    _____
                                                        Defendant Mayer Vaknin

Dated: June __, 2020                                    _____
                                                        Defendant Kimberly Velez

4

Scanned with CamSc